ETTA POPE, Administratrix, Appellant, v. SOVER-
EIGN CAMP WOODMEN OF THE WORLD, De-
fendant; JACKSON NATIONS, et al., Interplead-
ers, Respondents.

Springfield Court of Appeals, February 14, 1921.

1. **INSURANCE: Fraternal Society Cannot Issue Certificate Prohibited
   by By-laws and Statute.** A fraternal benefit society cannot issue
   a certificate payable to an uncle of the insured by marriage, who
   was not dependent on insured, and who, under Revised Statutes
   1919, section 6403, or under the by-laws of the society, was not a
   proper beneficiary.

2. **————: Dispensation Held Not to Authorize Issuance to Beneficiary
   Not Entitled.** A special dispensation by the sovereign commander
   of a fraternal benefit society, authorizing issuance of the certifi-
   cate in controversy, does not entitle the beneficiary named therein
   to the proceeds thereof, if he was not entitled to be the beneficiary
   under the by-laws of the society, even though the sovereign com-
   mander had authority to waive that provision by a special dispen-
   sation, where it appeared that before the dispensation was given
   the application was corrected to show that the beneficiary was
   a dependent on insured, which made him a lawful beneficiary,
   but which was contrary to the fact.

3. **————: Court Can Allow Illegal Beneficiary Amount of Premiums
   Paid.** Where a fraternal benefit certificate was issued, naming as
   beneficiary one not entitled to receive the proceeds under the
   State statutes and the by-laws of the society, the court, in award-
   ing the proceeds of the certificate to the next of kin of insured,
   can adjust the equities by allowing the beneficiary the amount
   of the premiums paid on the certificate, since the proceeding is
   an equitable one.

Appeal from the Stoddard Circuit Court.—*Hon. W. S.
C. Walker,* Judge.

AFFIRMED.

*Wammack & Welborn* for appellant.

207 Mo. App.—38

(1) It is the kind of policy and not the character of the company that determines whether the transaction is an old line policy of insurance or a fraternal policy of insurance. It is our contention that the court erred in holding that the certificate in this case comes under the fraternal insurance laws of this State. Ordelheide v. M. B. A., 268 Mo. 399; Baltzell v. Modern Woodmen, 98 Mo. App. 153; Herzberg v. Brotherhood, 110 Mo. App. 328. (2) To make the certificate come within the provisions of our statute govering fraternal insurance, the certificate must comply with the requirements of our statute. And when the statute of the State where the company is organized and the statute of this State differ, the latter controls. Herzberg v. Brotherhood.

*H. S. Green* for respondent.

(1) Where the charter of a mutual benefit association provides for the payment to the member's family of a certain sum upon the member's death, the benefits are payable to the wife and children, and not to the administrator of the deceased member. Fenn v. Lewis, 10 Mo. App. 478; Same case, 81 Mo. 259. (2) A beneficiary in a benefit certificate issued by a benefit society to the beneficiary as a "dependent" must be dependent at the time of the member's death. In such case the deceased member's only son and heir is entitled to the insurance. M. W. A. v. Patterson & Johnson, 196 Mo. App. 346.

BRADLEY, J.—Plaintiff, as the administratrix of her husband's estate, brought suit on a policy or certificate of insurance in the sum of $1000 issued by the defendant, Sovereign Camp of the Woodmen of the World, upon the life of one W. J. Nations, in which certificate Robert J. Pope, husband of plaintiff administratrix, was named as beneficiary. Defendant society filed answer setting up facts to the effect that plaintiff was not entitled to recover, but that the pro-

ceeds of the policy should go to Jackson, Norman and Charles Nations, minor children of the insured, and asked that it be permitted to pay the amount of the policy into court, and that plaintiff and said minors be required to interplead therefor. The result was that defendant paid the amount of the policy into court and plaintiff and said minors, by their guardian and curator, duly interpleaded. The trial resulted in a judgment for plaintiff in the sum of $207, and for said minors in the sum of $793. The court taxed the costs, except $6.55 which was taxed against the defendant socitey, against both interpleading parties in proportion to the amount awarded out of the proceeds of the policy. Also the court allowed $75 to the society.'s attorney for services in getting the amount of said policy paid into court, etc. This $75 was allowed against the amount given the minors. Plaintiff appealed from the judgment and disposition made.

The certificate was issued to insured on March 18, 1904, and he died January 28, 1919. The beneficiary, Robert J. Pope, died March 9, 1919. The beneficiary was not related by blood in any degree to the insured; but was an uncle by marriage. The insured had lived in the home of Pope from the time, he, the insured, was six years old until he married, covering a period of about 15 years. The insured paid the dues on the certificate for about two years, and thereafter the dues were paid by plaintiff and her husband, the named beneficiary. The application was dated February 8, 1904. This application was received by the Sovereign Camp of the society on February 12. 1904. The clerk of the Sovereign Camp, it appears, declined to issue a certificate of insurance naming Pope as beneficiary, because such was contrary to the by-laws. On March 23, 1904, the clerk of the local camp where insured was a prospective beneficiary member wrote the Sovereign clerk urging that the certificate be issued, and stated that Pope had raised the applicant and looked after him the

same as a father. The sovereign clerk testifying by deposition of this letter said: "He (the insured) stated that the beneficiary fund at his death should be payable to one Robert Pope, 'related as uncle by marriage and has raised me.' Evidently upon this statement I did not feel that a certificate could be issued, because I find that I received a letter from J. L. Parks, clerk of the local camp at Bloomfield, Mo. After the receipt of that letter I find the following endorsement in handwriting of J. C. Root at the time Sovereign Commander of the Sovereign Camp of Woodmen of the World, under a statement dated March 4, 1904, 'Dispensation to issue to dependent uncle by marriage.' " In the application as it was originally the part pertaining to the relation of the beneficiary read: "Uncle by marriage and has raised me." After the dispensation the application in this respect read: "Uncle by marriage and has raised me—dependent." A photographic copy of the original application was in evidence. On the face of the paragraph pertaining to the beneficiary relation was this notation: "See dispensation on back of app." On the back was: "March 4, 1904, dispensation to issue to dependent uncle by marriage, J. C. Root, S. C." Whether the application was returned and the word "dependent" written in by some one connected with the local camp, or whether such was done at the office of the head camp does not appear. The sovereign clerk, however, issued the certificate after the change had been made, and after the dispensation had been granted.

Pope, the named beneficiary, it is conceded, was in no sense a *dependent* of insured. Pope was a man grown, and the head of a family, when insured was six years old, and when he went into Pope's home. Pope received $10 per month from insured's guardian during the time insured was in the home. Under the law as it was in 1904, section 1408, Revised Statutes 1899, and as it was at the time of the death of the insured, section 7109, Revised Statutes 1909, and as it is now,

section 6403, Revised Statutes 1919, Pope was not a proper beneficiary. Plaintiff concedes this, but says that because of the special dispensation and the issuing of the certificate thereon that such certificate was not and is not one that should be governed by the law respecting fraternal beneficiary societies, but should be governed by the general insurance laws. On the other hand the interpleading minors through their guardian and curator contend in effect that the Sovereign Commander had no authority to grant a dispensation to name as beneficiary a person contrary to the law of the State and by-laws of the society defining who shall be beneficiaries and that the situation is the same as if no dispensation had been attempted, and the policy had issued on the original application before change and before dispensation.

It is conceded that if plaintiff cannot recover because her husband was not a proper beneficiary that then under the law and the by-laws of the society the proceeds of the policy unaffected by other equities would go to the minors. Plaintiff contends that while the Woodmen of the World is a fraternal beneficiary association it may if it desires issue a policy that would be governed by the general insurance laws of the State, and not by the law government fraternal beneficiary associations. Plaintiff relies upon Ordelheide v. Modern Brotherhood, 268 Mo. 339, 187 S. W. 1193. There the contest was between the benficiary and the fraternal society, and the defense was suicide. If the policy was fraternal the defense would lie, if not fraternal, then such defense would not lie. Judge GRAVES discussing the question said: "In the case at bar the defendant did not issue its contract of insurance under our Fraternal Beneficiary Association Act, because under that act it could not make 'legal representatives' beneficiaries in the contract. It is true that it had license to issue policies under our law, but it did not see fit so to do. It preferred, in violation of our law, to issue a policy authorized by its

charter powers in Iowa, rather than one authorized by its license in Missouri. Its measure of authority for legitimate business in Missouri, is our statute. The test of the character of the policy it issues is the statute, and not the license it may have obtained." The by-laws, so far as pertinent, in the case at bar, were introduced, and it appears that Pope was not a proper beneficiary. Those named as proper beneficiaries are the wife, children, adopted children, parents, brothers, sisters, other blood relations, and persons dependent upon the member. It is further provided in the same section that if there be no person surviving the member who is a legal beneficiary, and no claim is made in two years then the benefits of the certificate shall revert to the beneficiary fund of the society. So we see that both by the by-laws of the society and the law of the State Pope was not a lawful beneficiary. It is shown here that the Woodmen of the World is organized under the laws of Nebraska, but there is no showing that it had any authority under its charter to make Pope a proper and lawful beneficiary, and this is the distinction between the instant case and the case of Ordelheide v. Modern Brotherhood, supra. There it appeared that while the beneficiary designated was not within our statute, yet such beneficiary was proper under the insurer's charter.

The respondents contend that the Sovereign Commander had no authority to grant a dispensation of the character which plaintiff construes the one here to be. the by-laws in evidence provide that "no officer, employee or agent of the Sovereign Camp has the power, right or authority to waive any of the conditions upon which beneficiary certificates are issued or to change, vary or waive any of the provisions of this constitution nor these by-laws." It would appear, therefore, that the Sovereign Commander under the by-law quoted had no authority to grant a dispensation to do something contrary to the by-laws. There was in evidence however, a by-law which provides that the Sovereign Commander "may

grant written dispensations *for any purpose* (italics ours) except to admit a person to membership not physically qualified under these laws." Plaintiff proceeds on the theory that the society by and through its chief officer granted a special dispensation to issue a certificate of insurance designating a beneficiary contrary to the general by-laws. This in fact is not the case. Pope was permitted to be named as beneficiary because he was designated in the final application as a "dependent" of the insured. A dependent was a proper beneficiary both under the laws of the State and the by-laws of the society, hence on the face of the final application and the certificate Pope was a proper beneficiary independent of the dispensation. It is conceded that Pope was not a dependent of the insured, therefore, he, Pope, was not a proper beneficiary, and the dispensation amounted to nothing, because it directed nothing that was contrary to the by-laws. If the application had remained unchanged then the point of the Sovereign Commander's authority might have been in question. It might be urged, however, that the society knew that in fact Pope was not a dependent, and notwithstanding this knowledge it issued the certificate naming him as the beneficiary. We answer this by repeating that there is no showing that under its charter it had any authority to name as beneficiary any person not proper as such under the by-laws. We think that this disposes of the so-called dispensation. It does not help plaintiff nor hurt the minor interpleaders.

Modern Woodmen v. Patterson et al., 196 Mo. App. 346, 194 S. W. 897, is similar to the instant case. Manton M. Patterson at the time of his death was a member of the Modern Woodmen. The insured was married and had one child, Harry, by his first wife. He and his wife were divorced in 1902 while Harry was a child five years old, and the mother retained his custody. Later the insured married a widow, Mrs. Johnson, who had a son, Frank, about eleven years old. The benefit certificate

was taken out during the second marriage and the second wife was named as the beneficiary. She died in 1916 and shortly thereafter, at the request of the insured, his step son, Frank, was substituted as the beneficiary related to insured "as a dependent." Insured died in July, 1916. The society paid the amount of the policy into court and the son and step son interpleaded. At the time the step son was named beneficiary he was about 25 years of age, strong, able bodied and in good health. The by-laws pertinent in that case were as follows: "Sec. 45. No payment shall be made upon any benefit certificate to any person who does not bear such relationship as wife, surviving child, legally adopted child, heir, blood relative, or person dependent upon, or member of the family of the member, at the time of his death. Sec. 46. In the event of the disqualification of the beneficiary under the provisions of Section 45 hereof, and if the member has failed to have another beneficiary named, then the payment shall be made to the widow, if no widow, to his children, etc." The facts disclosed that the step son was not a dependent, and the proceeds of the policy or certificate under the opinion rendered went to the son.

In the cause here Pope was not a dependent. The by-laws here are quite like the by-laws in question in the Patterson case. In both cases insurer is a fraternal beneficiary society and governed by the same law. It is our opinion that the insured's minor children are the proper beneficiaries under the facts here instead of the named beneficiary, Robert Pope. As noted above the trial court allowed plaintiff $207 to reimburse her for the dues paid. This we think was proper under the facts. This is an equitable proceeding (Bush v. Insurance Co., 214 S. W. (Mo.) 175), and the court had the right to adjust the equities arising. It follows that the judgment should be affirmed, and it is so ordered.

*Farrington, J.,* concurs. *Cox, P. J.,* not sitting.